FILED

2009 Mar-31  PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANGELA M. HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| **I.C. SYSTEM, INC., a Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

## JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.    This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agent's illegal efforts to collect a consumer debt from Plaintiff.

3.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     Plaintiff Angela M. Hall (hereinafter "Plaintiff") is a natural person who resides in this judicial district, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant I.C. System, Inc. (hereinafter "Defendant") is a collection agency with a principle place of business at the address of 444 E Highway 96, St. Paul, Minnesota, 55127, incorporated in Minnesota, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     The individual collectors' true names are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.     Plaintiff allegedly incurred a financial obligation (Target credit card) that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.     Supposedly, Defendant purchased or was assigned or otherwise was collecting the debt and began collection activities against Plaintiff.

9.     On or about January 2009, Defendant through its employee collector told Plaintiff make a payment arrangement to deduct $173.00 from Plaintiff's account and Defendant told Plaintiff this would roll Plaintiff's account back

to Target and Plaintiff could set-up a hardship plan with them to get back on track.

10. Defendant said it would no longer have the account and the phone calls would stop.

11. On the 14th of January, 2009, the payment came out of Plaintiff's bank account.

12. On or about January 15, 2009, the Plaintiff was again contacted by ICS.

13. Plaintiff returned the call and spoke with a manager.

14. Defendant told Plaintiff that Defendant had some new employees and the employee Plaintiff spoke with made the mistake of not looking at the account cycle date which was on the 14th so it rolled the account right back to ICS the same night and now ICS needed $360.00 to get the account rolled back to Target.

15. Plaintiff told Defendant this was unacceptable and Plaintiff could not come up with that kind of money again.

16. Plaintiff then called Target and spoke with a Jeremy at 1-800-542-9121 ext. 2564 and Jeremy told Plaintiff he could not talk with her about her account or help her in any way because the account rolled back to ICS and that Plaintiff needed to call ICS.

17.   Plaintiff asked for payment arrangements as Plaintiff had lost her job and just recently found employment.

18.   Defendant was very rude and said it could not take any arrangements.

19.   Plaintiff lives with her parents at their house.

20.   Defendant repeatedly calls Plaintiff's parents' home phone number despite Plaintiff and her parents telling Defendant this number is not Plaintiff's and to not call.

21.   Defendant has responded that until Plaintiff pays the debt or makes acceptable payment arrangements the calls would continue.

22.   Defendant has been true to its word in unleashing dozens and dozens of calls against Plaintiff by calling the home number of her parents in a calculated, malicious and effective campaign of harassment.

**Summary**

23.   The above-described collection communication made by Defendant, and collection employees employed by Defendant, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(10), and 1692f, amongst others, through falsely making promises about the status of the account, threatening to take action Defendant could not legally take, contacting third parties unleashing massive numbers of harassing calls, etc.

24.    The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy.

25.    This abusive collection calls by Defendant caused Plaintiff enormous stress and anguish.

26.    Defendant's attempt to collect this debt from Plaintiff was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

27.    Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff.

28.    Plaintiff has suffered actual damages as a result of the illegal collection communication by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**Respondeat Superior Liability**

29.    The acts and omissions of Defendant's debt collector(s) employed as agents by Defendant who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant.

30.   The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

31.   By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant.

32.   Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## Negligent Hiring and Supervision

33.   Defendant negligently and/or wantonly hired, retained, or supervised the incompetent debt collector(s) who worked this account and broke the law and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by the Plaintiff.

## TRIAL BY JURY

34.   Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

37.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

38.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

40.   Congress explicitly recognized a consumer's inherent right to privacy in

collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of
> personal bankruptcies, to marital instability, to the loss of jobs,
> and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

41.   Congress further recognized a consumer's right to privacy in financial data

in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions"

including debt collectors albeit without a private right of action when it

stated as part of its purposes:

> It is the policy of the Congress that **each financial institution
> has an affirmative and continuing obligation to respect the
> privacy of its customers** and to protect the security and
> confidentiality of those customers' nonpublic personal
> information.

15 U.S.C. § 6801(a) (emphasis added).

42.   Defendant and/or its agents intentionally, recklessly, and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of the Plaintiff, namely, by repeatedly and

unlawfully attempting to collect a debt and thereby invaded Plaintiff's

privacy.

43.    Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making false statements and threats and by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

44.    Defendant and its agents intentionally and/or wantonly and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

45.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

46.    The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

47.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

48.    All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

49.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50.    Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors who abused Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

I.C. System, Inc
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109